(Judge Bradbury, of the Fourth Circuit, taking the place of Judge Swing.)

### *MYERS v. CROSWELL.

VERBAL CONTRACT FOR POSSESSION OF LANDS.

Taking possession of one of several distinct parcels of land claimed under one parol contract is equivalent to taking possession of the whole, so as to take the contract of the whole out of the statute of frauds.

*This case was reversed by the Supreme Court. See opinion 45 O. S., 543.

ERROR to the Court of Common Pleas of Clermont county.

Croswell brought an action in the court of common pleas against Myers, to recover damages for the breach of a parol contract. The plaintiff, in his petition, alleged that in September, 1882, the defendant verbally leased to him, for the purpose of cultivation in wheat, corn and tobacco, four several parcels of land, of a few acres each (neither of which adjoined any of the other), for one year, from March 1, 1883, at which time the plaintiff was to have possession of three of the parcels, but as to the fourth, the plaintiff was to have immediate possession of it, to sow wheat thereon, and possession thereof was accordingly taken at once. The plaintiff was to render to the defendant as rent the one-half of the produce raised on each of the four tracts. At the time of the making of the contract, one of the parcels was in the possession of a third person, who was entitled to and did hold possession thereof until March 1, 1883.

On said day the plaintiff demanded of the defendant possession of the three tracts of which he had no actual possession, but it was refused.

The defendant by his answer first denied the making of the contract sued on, and secondly, he alleged that if any such contract was made, it was within the statute of frauds.

At the trial of the case in the common pleas, the court charged the jury that the taking possession of the parcel of land to be cultivated in wheat in September, 1882, in pursuance of the contract, was equivalent to taking possession of all the tracts, and took the contract as to the whole out of the statute of frauds, to which charge the defendant, Myers, excepted, and now prosecutes this petition in error to reverse the judgment rendered in favor of plaintiff, Croswell.

The majority of the circuit court, Judge Bradbury announcing the decision, held, that the judgment should be affirmed. That, although there was great doubt on the authorities, whether the rule announced by the trial judge was correct, yet there were some that seemed to sustain that view. And the court, not being satisfied that the law was otherwise, ought not to reverse the judgment.

Judge SMITH (dissenting) was of the opinion that the taking possession of the wheat land in September, 1882, did not take the contract as to other parcels out of the operation of the statute of frauds. That the taking possession of land under a parol contract only had this effect when done by the consent of the lessor, and when such possession so taken is *exclusive* of that of any other person; that in this case the admitted fact was that a third person had the actual and legal possession of one of the parcels at the time the plaintiff took possession of the wheat land, and continued in the possession thereof until March 1, 1883, and consequently, as defendant had not the right, in September, 1882, to put the plaintiff into possession of that parcel, that the taking possession by the plaintiff of the wheat land could not in law operate as a taking possession of the other parcels.

Mr. Young, of Georgetown, for plaintiff in error.

Frazier and Roudebush, for defendant in error.